947 P.2d 859

**BIRTH HOPE ADOPTION AGENCY, INC., an Arizona corporation, Plaintiff–Appellant,**

v.

**Michael DOE and Susan Doe, husband and wife, Defendants–Appellees.**

No. 1 CA–CV 96–0436.

Court of Appeals of Arizona, Division 1, Department C.

May 8, 1997.

Review Denied Dec. 16, 1997.

Mathew & Mathew, P.C. by Susan Turner Mathew, Ivan K. Mathew, Phoenix, for Plaintiff–Appellant.

Bryan Cave LLP by Stephen M. Dichter, Rodney W. Ott, Phoenix, for Defendants–Appellees.

## OPINION

McGREGOR, Chief Judge.

Birth Hope Adoption Agency, Inc. ("Birth Hope") appeals from the trial court's denial of its breach of contract claim against Michael and Susan Doe ("defendants"). For the reasons stated below, we affirm.

### I.

Defendants wanted to adopt a child through Birth Hope, an adoption agency. When a baby became available, Birth Hope presented several documents to defendants, including a placement agreement that required defendants to assume the legal and financial responsibilities of terminating the biological parents' rights, and to pay any legal costs incurred by Birth Hope in termination proceedings. After signing the placement agreement, defendants received a child.

On August 9, 1991, the birth mother filed an action against Birth Hope to revoke her consent to the adoption, alleging fraud, duress and undue influence; breach of contract; and violation of the Interstate Compact for Placement of Children. Birth Hope retained an attorney to defend against this action. By the time Birth Hope filed an answer, defendants had retained an attorney, filed a notice of appearance, and successfully moved to intervene. Both attorneys fully participated in discovery and at the trial, which resulted in termination of the birth mother's parental rights.

Birth Hope subsequently demanded that defendants pay more than $40,000 in attor-

ney's fees and costs it incurred in defending against the birth mother's action. When defendants refused to pay, Birth Hope filed this action against defendants for breach of contract.

After both parties moved for summary judgment, Birth Hope moved to strike defendants' cross-motion for summary judgment and requested a continuance to respond. The trial court denied both motions. The court then denied Birth Hope's motion for summary judgment, construed the motion to strike as a response to defendants' cross-motion for summary judgment, and granted the cross-motion in part. Specifically, the court held that the contract does not obligate defendants to indemnify Birth Hope for its attorney's fees.[1] The trial court also awarded attorney's fees to defendants.

Birth Hope subsequently filed a response to defendants' cross-motion for summary judgment. The trial court struck the response as untimely. Birth Hope now appeals the trial court's orders denying Birth Hope's motion to strike defendants' cross-motion for summary judgment; denying Birth Hope's motion for continuance; and partially granting defendants' cross-motion for summary judgment.

## II.

### A.

■ Birth Hope based its motion to strike defendants' cross-motion for summary judgment on an argument that, as a matter of law, the defenses asserted were insufficient to preclude summary judgment in Birth Hope's favor. Denial of a motion to strike falls within the sound discretion of the trial court, and we review for an abuse of that discretion. *MacNeil v. Vance*, 48 Ariz. 187, 193, 60 P.2d 1078, 1080 (1936). Rule 12(g), Arizona Rules of Civil Procedure, provides:

Upon motion made by a party before responding to a pleading ... the court may order stricken from a pleading any insuffi-

cient defense or any redundant, immaterial, impertinent, or scandalous matter.

■ In this case, the trial court concluded that Birth Hope did not identify any scandalous or impertinent material contained in defendants' cross-motion. Our review of the record confirms that none existed.

■ Furthermore, the proper way to test the sufficiency of a motion for summary judgment is by responding, not by moving to strike the motion. *See Colboch v. Aviation Credit Corp.*, 64 Ariz. 88, 92, 166 P.2d 584, 587 (1946) (motion to strike does not serve the same purpose as a motion to dismiss, which tests the sufficiency of a pleading). Birth Hope's motion to strike essentially attacked the merits of the cross-motion, an argument properly presented in a response. Because Birth Hope's argument rests upon a misunderstanding of the purpose of a Rule 12(g) motion to strike, the trial court did not abuse its discretion in denying the motion.

### B.

Birth Hope moved for a continuance under Rule 56(f), Arizona Rules of Civil Procedure, to allow additional time to take defendants' depositions and to respond to defendants' cross-motion for summary judgment. Birth Hope sought the depositions, in part, to test the veracity of defendant Susan Doe's statements.[2] The trial court denied a continuance, finding that Birth Hope could have completed defendants' depositions earlier and that, in any event, the depositions were not necessary.

■ "We will not disturb the trial court's Rule 56(f) ruling absent an abuse of discretion." *Lewis v. Oliver*, 178 Ariz. 330, 338, 873 P.2d 668, 676 (App.1993), *cert. denied*, 513 U.S. 929, 115 S.Ct. 319, 130 L.Ed.2d 280 (1994). Rule 56(f) authorizes the trial court to grant a continuance for additional discovery when it appears that the party opposing the motion for summary judgment cannot "present by affidavit facts

---

1. The trial court denied summary judgment on the issue of recision based upon misrepresentation.

2. The motion for a continuance also relied upon Birth Hope's pending motion to strike. For the

reasons discussed above, Birth Hope's pending motion to strike did not provide sufficient justification for a Rule 56(f) continuance.

essential to justify the party's opposition." Birth Hope expressly acknowledged that defendants' statements were immaterial as a matter of law. Therefore, the evidence sought could not create a material issue of fact, and Susan Doe's veracity necessarily was not "essential" to Birth Hope's opposition to summary judgment. Accordingly, the trial court did not abuse its discretion in denying Birth Hope's request for a continuance.

### C.

Birth Hope next asserts that the trial court erred in partially granting defendants' cross-motion for summary judgment because (1) Birth Hope's response and controverting statement of facts, which the trial court did not consider, established questions of fact that precluded summary judgment in favor of defendants, and (2) in light of the unambiguous contract language, the indemnity clause applies.

### 1.

We review the trial court's decision to strike defendants' response as untimely for an abuse of discretion. *State Bd. of Barber Examiners v. Walker*, 67 Ariz. 156, 162, 192 P.2d 723, 727 (1948). We find no error.

■ The trial court considered Birth Hope's motion to strike as the substantive equivalent of a response to the cross-motion for summary judgment. With insignificant exceptions,[3] Birth Hope's motion to strike and its response to defendants' cross-motion for summary judgment contain identical legal arguments. Therefore, Birth Hope sustained no prejudice from the trial court's failure to consider the response because the court, by regarding the motion to strike as a response, considered the same arguments.

### 2.

Birth Hope argues that it was entitled to summary judgment because paragraphs five and seven of the placement agreement unambiguously require defendants to pay the attorney's fees and costs Birth Hope incurred in the proceedings to terminate the biological parents' rights. Defendants counter that the indemnity provisions are inapplicable because Birth Hope's employment of separate counsel was not reasonably necessary once defendants intervened. We agree with defendants.[4]

■ Summary judgment is proper if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Orme School v. Reeves*, 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). "[W]e determine *de novo* whether there are any genuine issues of material fact and whether the trial court erred in its application of the law." *Gonzalez v. Satrustegui*, 178 Ariz. 92, 97, 870 P.2d 1188, 1193 (App. 1993). We therefore review *de novo* whether the indemnity provision obligates payment by defendants.

■ When a contract includes an express indemnity provision, we determine the extent of the duty to indemnify from the language of the contract. *Estes Co. v. Aztec Constr., Inc.*, 139 Ariz. 166, 168, 677 P.2d 939, 941 (App.1983). In interpreting a contract, "[t]he court must apply a standard of reasonableness...." *Chandler Medical Bldg. Partners v. Chandler Dental Group*, 175 Ariz. 273, 277, 855 P.2d 787, 791 (App.1993); *Gesina v. General Elec. Co.*, 162 Ariz. 39, 45, 780 P.2d 1380, 1386 (App.1989) (*citing* Farnsworth, *Contracts*, § 7.10 at 492 (1982)).

In *Commercial Standard Ins. Co. v. Cleveland*, 86 Ariz. 288, 296, 345 P.2d 210, 216 (1959), the court considered whether an indemnitee's "employment of separate counsel was reasonably necessary, as we understand the law to require...." There, an indemni-

---

3. Birth Hope's response differs only in that it contains controverting statements from employees who were present when defendants signed the placement agreement and received their child, and alleges that defendants' attorney neither asked to assume the defense of the birth mother's lawsuit nor sought to become a real

party in interest. Neither fact affects the legal analysis of the cross-motion for summary judgment.

4. Our disposition of this issue, based upon the indemnity clause, obviates the need to address defendants' arguments regarding recision.

tee refused the counsel provided by the indemnitor and employed his own counsel. *Id.* The court held that employment of separate counsel was not reasonably necessary because the indemnitee and indemnitor had no conflict of interest and the action was directed against parties with identical defenses who had the same interest in the litigation—to escape liability. *Id.* at 295–96, 345 P.2d at 215–16. Under those circumstances, the indemnitee had a right to refuse the services of the indemnitor's counsel, but would have to bear the cost of retaining separate counsel. *Id.* at 296, 345 P.2d at 216.

 The placement contract between these parties requires defendants to indemnify Birth Hope for attorney's fees and costs incurred:

> In the event it should become necessary, or, in the reasonable opinion of Birth Hope Adoption Agency, Inc., advisable for Birth Hope Adoption Agency, Inc .... to be represented by attorneys in any judicial proceedings related to the adoption of The Child or the termination of the rights of the biological parents.

Under the test of *Commercial Standard,* separate counsel for Birth Hope was neither necessary nor reasonably advisable. First, no conflict of interest existed between Birth Hope and defendants. The birth mother's action named neither Birth Hope nor defendants as an adverse party; it was styled as a petition *"In the Matter of BABY BOY ..., a Person under the Age of Eighteen (18) Years."* Furthermore, Birth Hope and defendants had identical interests in responding to the birth mother's action—to prove the birth mother's consent was valid.[5]

Birth Hope nonetheless contends that defendants were liable for breach of the placement agreement because: (1) Birth Hope's attorney appeared first and took the lead position throughout the trial; and (2) defen-

dants did not seek to "take over the defense of the case."

 Addressing the "first appearance" argument, we note that defendants' counsel filed a notice of appearance and was granted permission to intervene within thirty days after the birth mother filed her petition and before Birth Hope filed an answer. Defendants' attorney actively and fully participated throughout discovery and the trial. In light of these events, the fact that Birth Hope's attorney appeared first and took the lead position at trial is inconsequential to whether Birth Hope reasonably needed separate counsel.

We next consider whether defendants' failure to offer to "take over" the defense from Birth Hope activates the indemnity provision. Birth Hope accurately notes that defendants' counsel did not ask to assume Birth Hope's defense. Birth Hope, however, also failed to tender the defense of the action to defendants until after judgment was entered. Because Birth Hope drafted the agreement, it should have been aware of the provisions *requiring* defendants to assume legal and financial responsibility for terminating the biological parents' rights.[6] Birth Hope also should have understood that defendants, by appearing and retaining counsel, were acting pursuant to their contractual obligation, and should have tendered its defense to defendants when they intervened. Instead, Birth Hope chose to wait until it had incurred more than $40,000 in fees and costs before discussing the indemnity issue with defendants. Under those circumstances, defendants' failure to seek the lead position in defending the lawsuit does not render them liable for Birth Hope's separate legal expenses.

In sum, we hold that Birth Hope did not act reasonably by employing separate counsel once defendants' counsel intervened. Thus, Birth Hope is not entitled to indemnification for any attorney's fees incurred after

---

5. The birth mother's action did not subject Birth Hope to civil damages.

6. Those provisions, in relevant part, provided that:

(4) [Defendants] assume the responsibility of legally terminating the rights of the biological parents of The Child.

(5) [Defendants] agree to pay all attorney's fees and court costs to ... process the legal proceedings to terminate the rights of the biological parents.

(6) [Defendants] agree to hire a qualified, licensed attorney to initiate and process the responsibilities assumed, herein....

September 9, 1991, the date on which the trial court granted defendants' motion to intervene.

### III.

The trial court did not abuse its discretion when it denied Birth Hope's motion for continuance and motion to strike defendants' cross-motion for summary judgment. The trial court also did not err in partially granting defendants' cross-motion for summary judgment. However, we modify the trial court's award to allow Birth Hope to recover those attorney's fees and costs incurred from the time the birth mother filed her petition on August 9, 1991, to defendants' intervention on September 9, 1991, and remand to permit the trial court to determine the amount. We also grant defendants' request for reasonable attorney's fees on appeal pursuant to Arizona Revised Statutes Annotated section 12–341.01.A.

FIDEL, P.J., and PATTERSON, J., concur.