NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GREGORY BEST,
*Plaintiff/Appellant*,

v.

HULL HOLLIDAY & HOLLIDAY PLC, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 19-0594

FILED 9-15-2020

Appeal from the Superior Court in Maricopa County
No.  CV2018-015480
The Honorable Connie Contes, Judge

**AFFIRMED**

COUNSEL

Gregory Best, Phoenix
*Plaintiff/Appellant*

Hull, Holliday & Holliday, PLC, Phoenix
By Andrew M. Hull, Denise M. Holliday, Kevin W. Holliday,
Matthew Schlabach
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

¶1        Gregory Best appeals the partial dismissal of his complaint and the denial of his motion to strike.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In 2017, Denise M. Holliday of the law firm Hull, Holliday & Holliday, PLC (collectively "Holliday") represented the 12th Street Property Trust ("Trust") in a forcible entry and detainer action ("FED") brought after a trustee's sale.  *See generally 12th St. Prop. Tr. v. Lynaugh* (*Lynaugh I*), 1 CA-CV 17-0183, 2019 WL 1076220, at *1, ¶ 3 (Ariz. App. Mar. 7, 2019) (mem. decision).  Best claimed an interest in the relevant property and was permitted "to join as a party for trial purposes."  *Id.* at n.1.  But when Best failed to comply with the court's order to file a notice of appearance, the court struck his name from the pleadings.  *Id.*  The superior court found Best and Lynaugh guilty of forcible detainer and awarded the Trust possession of the property.  *Id.* at ¶ 3.

¶3        In December 2018, Best filed suit and alleged that Holliday and other defendants participated in a conspiracy to defraud Best through Holliday's representation of the Trust in the FED action.  On January 11, 2019, Holliday filed a motion to dismiss.  Over the following two months, the other defendants filed various dispositive motions.

¶4        On March 1, 2019, at the superior court's direction, the parties filed a "Joint Notice of Outstanding Motions" and identified 23 motions pending in the case.  Holliday's motion to dismiss was listed first and the notice indicated no response had been filed.  In the comments column, Best noted that he had not been provided the motion.

¶5        The other motions relevant to this appeal include: Best's motion for default against Holliday (filed January 24), Best's "Notice to the Court of Potential *Ex Parte* Filing" (filed January 30), Holliday's motion for summary disposition (filed February 6), and Best's motion to strike Holliday's motion to dismiss (filed February 28).

**¶6** On May 10, 2019, the superior court heard oral argument on various motions, including Holliday's motion to dismiss and the related notices and motions. The court denied Best's motion to strike, granted the motion to dismiss, and dismissed the claims against Holliday with prejudice. Best timely appealed and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).[1]

## DISCUSSION

### I.     Motion to Strike.

**¶7** Best argues that because he did not receive a paper copy of Holliday's motion to dismiss in the mail, it was an *ex parte* communication and the court should have struck the motion. We review a denial of a motion to strike for an abuse of discretion. *Birth Hope Adoption Agency, Inc. v. Doe*, 190 Ariz. 285, 287 (App. 1997).

**¶8** The procedural rules are not intended to add to a litigant's "arsenal of technicalities." *Allstate Ins. v. O'Toole*, 182 Ariz. 284, 287 (1995) (discussing recently-amended disclosure rules). "If service is not achieved according to the requirements of the applicable procedural rule, it is technically defective and the pleading may be ineffective for some purposes." *Kline v. Kline*, 221 Ariz. 564, 570, ¶ 21 (App. 2009) (discussing adequacy of service). But strict technical compliance with the rules may be excused when the court has already acquired jurisdiction over the receiving party and that party receives actual, timely notice of the pleading and its contents. *Id.*

**¶9** Here, Holliday filed the motion to dismiss with the court, *see* Ariz. R. Civ. P. 5.1, and effected proper service upon Best by mailing a copy to his address provided to the court, *see* Ariz. R. Civ. P. 5(c)(2)(C) ("service is complete upon mailing"). Thus, the motion was not *ex parte.* Furthermore, the superior court found that Best had actual notice of the motion to dismiss no later than January 30 when he filed the "notice to the court." The court concluded that "rather than respond to the motion, which was posted on the [superior] court's online docket, [Best] chose to willfully ignore it." On this record, we find no abuse of discretion in denying the motion to strike. *See Kline*, 221 Ariz. at 570-71, ¶¶ 21, 23 (noting procedural

---

[1]     A separate appeal from the superior court involving other defendants is currently pending before a different panel of this Court. *See Best v. Villarreal*, 1 CA-CV 19-0785 (appeal filed Dec. 4, 2019).

rules as to service were "intended to serve as a shield for those prejudiced by a lack of notice, not as a sword").

¶10 Nor did the court err in considering the motion to dismiss. Because Best received timely actual notice of the motion, he was not prejudiced by any technical defect in service. *Kline*, 221 Ariz. at 571, ¶ 21; *see also Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (finding no abuse of discretion in granting motion to dismiss when plaintiff received notice, but not a copy, of the motion).

## II. Motion to Dismiss.

¶11 Best also argues the superior court erred by dismissing his claims against Holliday.

¶12 We review a dismissal for failure to state a claim de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). In our review, we "look only to the pleading itself and consider the well-pled factual allegations contained therein." *Cullen v. Auto–Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008). We assume the truth of all well-pled factual allegations and construe all reasonable factual inferences in favor of the plaintiff. *Id.* However, "mere conclusory statements are insufficient to state a claim upon which relief can be granted." *Id.*; *see Fid. Sec. Life Ins. Co. v. State, Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998) (finding dismissal appropriate when "as a matter of law . . . plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof").

¶13 Arizona's notice pleading standard requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Ariz. R. Civ. P. 8(a)(2). This standard ensures that the defendant receives "fair notice of the nature and basis of the claim." *Cullen*, 218 Ariz. at 419, ¶ 6 (citation omitted).

¶14 Best's complaint failed to set forth factual allegations sufficient to give Holliday fair notice of the basis of his claims against them. First, Holliday is not listed in the complaint as a "Fraudulent Asset Transfer Participant" and Best concedes that Holliday "did not participate directly at the time of the prior transfers." Second, while Holliday is listed under "Breach of Contract, Tortious Interference, and Bogus TDUS Participants," no facts are provided as to how Holliday participated in the alleged fraud, what contracts existed or were breached, or how Holliday might have interfered with those contracts.

**¶15**         The only factual allegations against Holliday are the alleged "Attorney Torts." Best alleges Holliday defrauded the superior court by submitting a fake trustee's deed upon sale and by asserting that the Trust validly obtained title to the relevant property. Best further alleges that Holliday filed a false claim in the superior and justice courts because the Trust, Holliday's purported client, does not exist. The superior court concluded that Best is precluded from litigating these claims.

**¶16**         The superior court did not err. *See Hall v. Lalli*, 194 Ariz. 54, 57, ¶ 7 (1999) ("The doctrine of res judicata will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action."). Claims regarding the trustee's sale of the property, in this case, have been brought multiple times before this Court. *See Lynaugh I*, 2019 WL 1076220, at *1, ¶ 1 (affirming denial of post-judgment motions in the FED action); *Lynaugh v. 12th St. Prop. Tr.* (*Lynaugh II*), No. 1 CA-CV 18-0375, 2019 WL 1929962, at *1, ¶ 1 (Ariz. App. Apr. 30, 2019) (mem. decision) (affirming summary judgment in suit to void the trustee's sale); *Lynaugh v. BMO Harris Bank NA*, No. 1 CA-CV 18-0013, 2019 WL 386354, at *1, ¶ 1 (Ariz. App. Jan. 31, 2019) (mem. decision) (same). As we recently held in a separate case brought by Best, "[b]ecause the validity of the trustee's sale and the trustee's deed upon sale was litigated in [*Lynaugh II*], the issue may not be relitigated as part of this appeal." *Best v. Villarreal*, No. 1 CA-CV 19-0199, 2020 WL 2499776, at *6, ¶ 31 (Ariz. App. May 14, 2020) (mem. decision) (affirming denial of sanctions against attorneys for the Trust) (citing *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, 519, ¶ 6 (App. 2013)).

**¶17**         Because Best's claims against Holliday are precluded or otherwise fail to state a claim, the superior court did not err in granting the motion to dismiss.

## III.    Attorney Fees.

**¶18**         Holliday seeks an award of attorney fees on appeal. We deny the request for fees because Holliday failed to cite any authority in support of the request. *See Roubos v. Miller*, 214 Ariz. 416, 420, ¶ 21 (2007) ("When a party requests fees, it . . . must state the statutory or contractual basis for the award[.]"). As the prevailing parties, Holliday is entitled to their costs on appeal upon compliance with ARCAP 21.

**CONCLUSION**

¶19        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA