NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

DEVIN ANDRICH, *Plaintiff/Appellant*,

*v.*

BANNER UNIVERSITY MEDICAL CENTER, et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0013
FILED 11-8-2022

---

Appeal from the Superior Court in Maricopa County
No. CV 2020-002063
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

---

APPEARANCES

Devin Andrich, Phoenix
*Plaintiff/Appellant*

Slattery Petersen PLLC, Tucson
By Gabriel O'Quin, GinaMarie Slattery
*Counsel for Defendants/Appellees, Banner, Allred*

Holden & Armer PC, Phoenix
By Scott A. Holden, Nathan S. Ryan
*Counsel for Defendant/Appellee, Ellis*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge Paul J. McMurdie joined.

---

**C A M P B E L**, Judge:

¶1        Devin Andrich appeals from a grant of summary judgment in favor of the medical-provider defendants, Banner University Medical Center, Dr. Carl Allred (collectively, "Banner"), and Dr. Scott Ellis.[1] He disputes the superior court's finding that his digital medical records are not chattel and therefore not subject to conversion. *See Miller v. Hehlen*, 209 Ariz. 462, 472, ¶ 34 (App. 2005) ("Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel."). He also argues that the superior court erred in (1) denying a motion to strike medical records and (2) awarding $1,000 in sanctions for Andrich's failure to concede unmeritorious claims. Because Andrich failed to allege the factors and facts necessary to maintain a cause of action for conversion, and because the court did not abuse its discretion in denying Andrich's motion to strike or awarding sanctions, we affirm.

## BACKGROUND

¶2        Andrich is a disbarred attorney who has been convicted of defrauding his clients. While incarcerated and awaiting trial, he suffered an injury to his right shoulder. As part of his medical care while in the Arizona Department of Correction's (ADOC) custody, Corizon Health managed his medical care. Corizon referred Andrich to a Banner facility for a diagnostic MRI, which revealed torn muscles and an accompanying cyst in Andrich's shoulder. Banner faxed the MRI report to Corizon within a week but retained the actual MRI results. While in ADOC custody, Andrich had one

---

[1]        Andrich also named Dr. Allred and Dr. Ellis' wives. Dr. Ellis is unmarried, but Dr. Allred's wife, Kristin Allred, remains a party on appeal. Because Ms. Allred has no liability independent of her husband, we refer only to Dr. Allred. *See Selby v. Savard*, 134 Ariz. 222, 229 (1982) ("[T]he community is liable for the intentional torts of either spouse if the tortious act was committed with the intent to benefit the community.")

appointment with Dr. Ellis, an orthopedic surgeon at a non-Banner practice. Dr. Ellis examined Andrich and provided Corizon with his consultation report recommending an ultrasound. The ultrasound was conducted later that month at the Arizona State Prison's medical facility. Dr. Ellis did not examine or treat Andrich again. Corizon arranged further treatment through Banner with Dr. Allred, another orthopedic surgeon.

¶3            Upon his release from custody, Andrich was informed of the process through ADOC for accessing his medical records, including the MRI and ultrasound reports.

¶4            As part of his then-ongoing medical malpractice federal case, Andrich sent Health Insurance Portability and Accountability Act (HIPAA) releases to Defendants.[2] The release "instruct[ed]" the recipients to "produce any and all . . . copies of all medical records . . . and any medical information whatsoever arising from my care and treatment at any time." More specifically, Andrich requested that "all recipients" produce:

> 1) the radiology films and/or electronic radiology films pertaining to Plaintiff's MRI performed on or about January 8, 2016; 2) all electronic/digital copies of the MRI . . . ; and 5) all correspondence exchanged between and/or among [Defendants and other providers] concerning Devin Andrich.

In the release, Andrich also "**<u>expressly warned</u>**" the recipients that he would pursue a contempt order if they "<u>with[held] or otherwise delay[ed] production of any e-mails or other correspondence.</u>" Banner and Dr. Ellis received Andrich's request. Dr. Allred, who no longer worked for Banner, did not.

¶5            When Andrich did not receive the records by his stated one-month deadline, he filed suit against the healthcare defendants.[3] Andrich brought claims for conversion and gross negligence, alleging each medical defendant unlawfully withheld his "comprehensive medical records" by

---

[2]    Since his release from custody, Andrich has filed at least 13 lawsuits relating to his disbarment, conviction, and at issue here, his medical treatment and records. *See, e.g.*, *Andrich v. State Bar of Ariz.*,  CV 19-00751, 2019 WL 11339764, at *2 n.1 (D. Ariz. May 29, 2019) (collecting federal civil cases); *State v. Andrich*,  1 CA-CR 18-0600, 2019 WL 150497 (Ariz. App. Jan. 10, 2019) (mem. decision).

[3]    HIPAA requires covered entities to "act on" compliant requests within 30 days of receipt. *See* 45 C.F.R. § 164.524(b)(2)(i).

failing to respond to his HIPAA release promptly. Andrich also alleged medical malpractice and related gross negligence against Banner and Dr. Allred, as well as gross negligence relating to conversion against all Defendants.[4] Andrich alleged, without the records, he could not (1) fix his shoulder, which in turn barred him from gainful employment, or (2) provide a medical expert affidavit to support his medical malpractice claim in this case or his federal cause of action. *See* A.R.S. § 12-2603(B). By the time service had been perfected in the instant case, Andrich's federal suit had been dismissed.

**¶6**        Within weeks, in June 2020, Banner provided Andrich with his medical records. Dr. Ellis produced copies of the medical records in his possession and control later that summer.

**¶7**        In December 2020, Dr. Ellis filed a motion for summary judgment. Banner filed a motion for joinder in Dr. Ellis' motion for summary judgment. Andrich then moved to strike a portion of the statement of facts accompanying Banner's motion for joinder, alleging that it unlawfully "published" his medical records. The superior court granted summary judgment in Dr. Ellis' favor in June 2021, finding the medical records were not chattel subject to conversion, and in any case, Andrich had provided no evidence of intent to deprive. He also failed to demonstrate that he could not obtain the records from ADOC.

**¶8**        At Andrich's request and upon a finding of good cause, the superior court ordered that Banner's motion for joinder be treated as a separate motion for summary judgment but denied Andrich's motion to strike. In late September, faced with the same legal arguments and similarly sparse evidence, the superior court granted summary judgment in favor of Banner. Noting Andrich "should have known" the Banner facts "would fare no better under the same law that applied to Dr. Ellis," the superior court granted Banner's motion for sanctions and entered a monetary award. Andrich timely appealed.

## DISCUSSION

**¶9**        Andrich raises three issues on appeal. First, Andrich disputes the superior court's finding that medical records are not chattel, and

---

[4]    Andrich has abandoned these claims by failing to appeal their dismissal. *See Belen Loan Invs., L.L.C. v. Bradley*, 231 Ariz. 448, 457, ¶ 22 (App. 2012) ("[I]ssues not clearly raised and argued in a party's appellate brief are waived.").

therefore not subject to conversion. Next, he argues that the superior court erred in denying his motion to strike exhibits attached to Banner's statement of facts containing medical records and deposition testimony, and lastly, by ordering him to pay $1,000 to Banner as sanctions under Rule 11 of the Arizona Rules of Civil Procedure (Rule). We address each argument in turn.

## I.      Motion for Summary Judgment

¶10        In determining whether a party is entitled to summary judgment, we review questions of law de novo and view the facts in a light most favorable to the party against whom summary judgment was granted. *In re Estate of Podgorski*, 249 Ariz. 482, 484, ¶ 8 (App. 2020). The court should grant summary judgment only if it finds no genuine issues of material fact and one party is entitled to judgment as a matter of law. *Grain Dealers Mut. Ins. Co. v. James*, 118 Ariz. 116, 118 (1978).

### A.      Medical Records Are Not Chattel Subject to a Cause of Action for Conversion

¶11        Andrich argues that his medical records are valuable and tangible personal property subject to a claim of conversion because, unlike a customer list, they cannot be recreated "[i]f stolen." *See Miller*, 209 Ariz. at 472, ¶ 35. In both grants of summary judgment, the court found that Andrich's medical records, including the MRI, are not chattel and cannot be the subject of conversion. "Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Id.* at ¶¶ 34–35 ("customer list" of names copied from database was not chattel subject to conversion); *see also* Restatement (Second) of Torts § 222(A) (1965). "An action for conversion ordinarily lies only for personal property that is tangible, or to intangible property that is merged in, or identified with, some document" representing a right of possession. *See Miller*, 209 Ariz. at 472, ¶ 35 (quotation omitted); *see also* Restatement (Second) of Torts § 242 cmt. a (1965). Medical records have no value independent of the information tied to the patient with the prospect of obtaining medical treatment in the future.

¶12        The court concluded "that the medical records at issue in this matter do not constitute chattel or personal property that have some inherent value, like a stock certificate or insurance policy." *See Miller*, 209 Ariz. at 472, ¶ 35. We agree. Andrich's medical records had no independent

value; they could not be traded or sold for any value. The only value they had was to Andrich, and they had no value to the medical defendants whatsoever. Accordingly, medical records cannot be considered chattel. Since the deprivation of property or chattel serves as the basis for conversion, Andrich failed to properly allege the elements of conversion, and the granting of summary judgment was appropriate.

¶13 Additionally, it is undisputed that Dr. Ellis and Banner produced Andrich's medical records, albeit not as quickly nor completely as he would have liked, and that Dr. Allred had no records independent of Banner to produce. Mere inconvenience or delay does not rise to conversion; serious interference requires hostile control, or "a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights." *See Sterling Boat Co., Inc. v. Ariz. Marine, Inc.*, 134 Ariz. 55, 58 (App. 1982); *Focal Point, Inc. v. U-Haul Co. of Ariz., Inc.*, 155 Ariz. 318, 319–20 (App. 1986) (finding no conversion when the plaintiff could have regained control by traveling a short distance to prove right of possession to a truck).[5]

### B. Conversion Requires Intent to Deprive

¶14 Even if we were to assume that medical records could be considered chattel, Andrich still failed to plead properly a cause of action for conversion. In response to Banner's motion for joinder, Andrich pointed to Banner's unwillingness to produce certain documents as evidence of hostile intent, arguing that until Banner and Dr. Allred produced the "electronic log records" relating to his records request, no one could know "the extent of [their] hostile intent." Andrich also provided the court selective quotes from internal emails as evidence that Banner "intentional[ly] [and] deliberate[ly]" withheld records. Read as a whole, the emails show confusion over "what to make" of Andrich's letter, including whether to process it as a patient or attorney request. Other than Andrich's speculation, he produced no evidence that the medical defendants intended to withhold his records, much less that they did so with hostile motivation.

¶15 The superior court found no evidence produced that demonstrated the medical defendants' intent to deprive or seriously interfere with Andrich's access to the records. Even if we assume medical records were chattel, Andrich fails to provide sufficient evidence of the

---

[5] This conclusion disposes of the arguments raised by Andrich regarding summary judgment granted in favor of Dr. Ellis.

medical defendants' intention to deprive him of such. Therefore, again he fails to provide facts sufficient to maintain a cause of action for conversion.

## II.    Motion to Strike Exhibits

**¶16**        Next, Andrich argues the superior court erred in denying his motion to strike several exhibits appended to Banner's motion for joinder because they were confidential medical records under A.R.S. § 12-2292. He contends the court should have granted his motion and ordered Banner to file the records under seal. However, the court concluded the contested exhibits—a mix of medical records, deposition testimony, and discovery disclosures—"contained no more information than necessary to address the claims raised by the Plaintiff." We agree.

**¶17**        We review the superior court's order denying Andrich's motion to strike for an abuse of discretion. *See Birth Hope Adoption Agency, Inc. v. Doe*, 190 Ariz. 285, 287 (App. 1997). Motions to strike are authorized in limited circumstances outside of trial or an evidentiary hearing. Ariz. R. Civ. P. 7.1(f). One such circumstance is when the motion "seeks to strike any part of a filing or submission on the ground that it is prohibited, or not authorized, by a specific statute." Ariz. R. Civ. P. 7.1(f)(1). "Unless otherwise provided by law, all medical records . . . are privileged and confidential." A.R.S. § 12-2292. A patient waives this protection by placing a "particular medical condition" at issue, either by "mak[ing] an assertion about or present[ing] evidence about [it]." *Heaphy v. Metcalf*, 249 Ariz. 210, 212–13, ¶ 6 (App. 2020).

**¶18**        Andrich argues A.R.S. § 12-2292 and Rule 5.4(c) "required [Banner and Dr. Allred] not to publish" the medical records. Medical records contain information about "a patient's physical or mental health or condition." A.R.S. § 12-2291(6). Implied waiver of the physician-patient privilege occurs in two circumstances: 1) under the waiver of privilege statute, the privilege is waived if the privilege holder offers himself as a witness and voluntarily testifies about privileged communications, and 2) when the holder places a particular medical condition at issue through a claim or affirmative defense. A.R.S. §§ 12-2235, -2236, -2292; *see also Heaphy*, 249 Ariz. at 212–13, ¶¶ 3, 6. Here, in filing a complaint alleging medical malpractice, he placed the subject of those records, his shoulder injury, directly at issue, thereby waiving any claim of privilege. *See Throop v. F.E. Young & Co.*, 94 Ariz. 146, 156–58 (1963) (finding "highly material" claim of "sudden" heart attack waived privilege regarding records of ongoing treatment for heart problems).

**¶19**        Andrich goes on to contend he is not claiming the medical records were privileged but that Banner "kn[e]w to file the medical records under seal." Once the privilege has been waived, there is no requirement to protect that information from disclosure. *Bain v. Superior Court*, 148 Ariz. 331, 333 (1986). Had Andrich wanted that information taken out of the public record, he should have moved to seal the records instead of moving to strike them from the record. *Cf. Ctr. for Auto Safety v. Goodyear Tire & Rubber Co.*, 247 Ariz. 567, 572–74, ¶¶ 19–23, 27–29 (App. 2019) (protecting trade secrets by enforcing the order to file under seal). A party cannot file a record under seal unless authorized by statute, rule, or prior court order. *See* Ariz. R. Civ. P. 5.4(c)(2) (requiring findings on the record that warrant "overriding . . . the right of public access" absent statute, rule, or prior court order).

**¶20**        Here, Andrich did not request a court order requiring his records to be filed under seal, nor did he move to seal the exhibits after they were filed. A motion to strike was the wrong procedural vehicle for removing public access to the records. Therefore, the superior court did not abuse its discretion in denying Andrich's motion to strike.

### III.    The Court Properly Imposed Rule 11 Sanctions

**¶21**        Last, Andrich argues the superior court erred in awarding monetary sanctions to the medical defendants. We review all aspects of an order imposing Rule 11 sanctions for abuse of discretion.[6] *James, Cooke & Hobson, Inc. v. Lake Havasu Plumbing & Fire Prot.*, 177 Ariz. 316, 319 (App. 1993); *see also* Ariz. R. Civ. P. 11. A party violates Rule 11 by filing a pleading with a claim or defense that he should have known to be "insubstantial, groundless, frivolous, or otherwise unjustified." *Boone v. Superior Court*, 145 Ariz. 235, 241 (1985) (en banc). Andrich alleges the court imposed sanctions "for filing the response" to Banner's separate motion for summary judgment. Not so. The superior court found that sanctions were appropriate because Andrich "should have known that the facts applicable to Banner would fare no better under the same law" than when applied to the grant of summary judgment in Dr. Ellis' favor.

---

6        Andrich argues for "a de novo review of the . . . separate motion for summary judgment" to "*confirm[] that the trial court erred in sanctioning Appellant.*" (Emphasis added.) But Andrich's analysis is spent arguing the sanctions were unwarranted because of the importance of preserving issues for appeal. He seeks to vacate the order awarding sanctions; therefore, the court's discretion is at issue.

**¶22** There are consequences for pursuing frivolous claims, and the imposition of Rule 11 sanctions was appropriate. The superior court did not abuse its discretion in ordering Andrich to pay Rule 11 sanctions to offset Banner's costs and fees associated with responding to his frivolous arguments.

## CONCLUSION

**¶23** For the reasons above, we affirm. Andrich failed to provide evidence sufficient to maintain a cause of action for conversion, even if we assumed that his medical records are personal property subject to conversion. The superior court did not abuse its discretion in denying Andrich's motion to strike or awarding monetary Rule 11 sanctions, payable to Banner. As the prevailing party, we order Andrich to pay the Appellees' taxable costs on appeal, pending their compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA