NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ISIAH HILL, *Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF CORRECTIONS, REHABILITATION,
AND REENTRY, *Defendant/Appellee*.

No. 1 CA-CV 23-0477
FILED 2-13-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-016378
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Isiah Romont Hill, Phoenix
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michelle C. Lombino, Daniel P. Schaack
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge James B. Morse Jr. joined.

---

**C A T L E T T**, Judge:

¶1        Isiah Hill ("Hill") brought an action in the superior court seeking an "Order To Show Cause" against the Arizona Department of Corrections, Rehabilitation, and Reentry ("ADCRR"). ADCRR moved to dismiss the action for failure to state a claim. Hill moved to strike ADCRR's motion. The superior court denied Hill's motion to strike and granted ADCRR's motion to dismiss. On appeal, Hill challenges only the superior court's refusal to strike ADCRR's motion to dismiss. Because the superior court did not abuse its discretion, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Hill commenced an action against ADCRR by filing an "Order To Show Cause," requesting that the superior court vacate a 2006 conviction and sentence and order ADCRR to pay him $1.6 billion dollars. Hill claimed ADCRR admitted to being liable in prior litigation and argued the judgment reflecting that liability was final because ADCRR did not appeal. In support, he included a mostly redacted 2021 order from the United States Court of Appeals for the Ninth Circuit granting Hill's motion to submit a supplemental brief and denying all other motions as moot.

¶3        ADCRR moved to dismiss, arguing Hill did not state a valid claim for relief, ADCRR is a non-jural entity, and Hill never served ADCRR with a notice of claim. Hill moved to strike ADCRR's motion, contending the court lacked jurisdiction and the motion to dismiss was "inadmissible" because it relied on information obtained from an illegal wiretap.

¶4        The court denied Hill's motion to strike and granted ADCRR's motion to dismiss. The court stated that while "Hill firmly believes his factual allegations," the court had "no factual or legal reason to grant Mr. Hill's Motion to Strike." Hill timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶5**        Hill challenges only the superior court's denial of his motion to strike ADCRR's motion to dismiss.  We review a denial of a motion to strike for an abuse of discretion.  *Birth Hope Adoption Agency, Inc. v. Doe*, 190 Ariz. 285, 287 (App. 1997).

**¶6**        In his motion to strike, Hill argued that the superior court lacked jurisdiction over ADCRR's motion to dismiss.  Hill also claimed that the motion to dismiss was "inadmissible" because the information therein stemmed from an illegal wiretap placed on Hill's phone.  The superior court denied the motion, concluding it had no legal or factual basis for granting the motion.

**¶7**        The superior court did not abuse its discretion.  Arizona Rule of Civil Procedure 7.1(f)(1) provides that "a motion to strike may be filed only if it is expressly authorized by statute or other rule, or if it seeks to strike any part of a filing or submission on the ground that it is prohibited, or not authorized, by a specific statute, rule, or court order."  Hill's motion to strike satisfied neither requirement under Rule 7.1(f)—Hill did not cite any statute or rule expressly authorizing the motion, and he did not argue that a specific statute, rule, or court order prohibited ADCRR's motion to dismiss.  To the contrary, Arizona Rule of Civil Procedure 12(b)(6) expressly authorized ADCRR's motion to dismiss.

**¶8**        Even if Hill's motion was not procedurally flawed, neither of Hill's reasons for striking ADCRR's motion to dismiss had merit.  The superior court has authority to determine whether a civil action states a claim for relief.  *See* Ariz. R. Civ. P. 12(b)(6).  And, even assuming that information derived from an illegal wiretap cannot be used in a civil motion to dismiss, Hill did not establish that ADCRR relied on any such information in its motion.

**¶9**        Finally, on appeal, Hill argues the superior court had to grant his motion to strike under the doctrine of *res judicata*.  Other than mentioning *res judicata* in the caption of his motion to strike, Hill did not argue *res judicata* in the superior court, so the argument is now waived.  *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utilities, LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011) (explaining that a legal argument not raised in the superior court is waived on appeal).  But even if we reached the merits of Hill's *res judicata* argument, we would reject it because Hill has not satisfied the requirements for claim or issue preclusion.  *See Cocchia v.*

*Testa*, 256 Ariz. 145, ___ ¶¶ 24-25 (App. 2023) (listing the requirements for claim and issue preclusion).

## **CONCLUSION**

**¶10**      We affirm the superior court's judgment.

